IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLY HIGHTOWER, et al.,

       Plaintiffs,

  v.

LORI STRAHLER, et al.,

       Defendants.

Case No. 2:14-cv-00524
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of the following sets of filings:

(1)    a motion to dismiss filed by Defendants Michael Brockett and Jerry Gulley (ECF No. 9), a motion to dismiss filed by the Marietta City Health Department and the Marietta City Board of Health (ECF No. 12), memoranda in opposition filed by Kimberly Hightower (ECF Nos. 17, 21), and a reply memorandum filed by Michael Brockett, Jerry Gulley, the Marietta City Health Department, and the Marietta City Board of Health (ECF No. 23); and

(2)    a motion for judgment on the pleadings filed by Defendant McDonald's Corporation (ECF No. 32), a memorandum in opposition or, in the alternative, motion for summary judgment filed by Kimberly Hightower (ECF No. 35), and a reply memorandum filed by Defendant McDonald's Corporation (ECF No. 37.)

For the following reasons, this Court **GRANTS** the motions to dismiss filed by Defendants Brockett, Gulley, the Marietta City Health Department, and the Marietta City Board of Health (ECF Nos. 9, 12) and **GRANTS** the motion for judgment on the pleadings filed by

1

Defendant McDonald's Corporation (ECF No. 32). The Court also **DISMISSES** all claims by Ronnie Hightower against all the defendants and *sua sponte* **DISMISSES** for lack of subject matter jurisdiction all claims by Kimberly Hightower against Defendants Laurie Strahler, Todd Morris, and "ABC Com/Corp unknown."

## I.  Background

On August 7, 2010, Kimberly and Ronnie Hightower were allegedly served fish sandwiches at a McDonald's restaurant located in Marietta, Ohio,. The day after they ate the fish sandwiches, Kimberly Hightower allegedly began to show signs of food poisoning and was taken to a hospital. Shortly after her symptoms emerged, Ronnie Hightower allegedly began to show signs of food poisoning as well. Claiming that the food was negligently prepared or stored and was thus the proximate cause of their illnesses, the *pro se* Kimberly Hightower filed suit against numerous defendants: Laurie Strahler, the owner of the Marietta McDonald's; Todd Morris, the manager of the Marietta McDonald's; McDonald's Corporation, located in Illinois; an unknown McDonald's distributor located in Illinois; Michael Brockett, the health commissioner for the Marietta City Health Department; and Jerry Gulley, the director of environmental health for the Marietta City Health Department.

Most of these defendants seeks dismissal of the amended complaint. Defendants Brockett and Gulley have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (ECF No. 9.) The Marietta City Health Department and the Marietta City Board of Health have filed a motion to dismiss pursuant to Rule 12(b)(1), (2), (4), (5), and (6). (ECF. No. 12.) McDonald's Corporation has filed a motion for judgment on the pleadings pursuant to Rule 12(c). (ECF No. 32.) Briefing has closed on all three motions, which are ripe for disposition.

## II. Improper Representation

The briefing presents a threshold issue. The original complaint purports to assert claims on behalf of both Kimberly Hightower and Ronnie Hightower, but that pleading is signed only by Kimberly Hightower in a *pro se* capacity. Similarly, the amended complaint also purports to assert claims on behalf of both the Hightowers, but that pleading is signed only by the *pro se* Kimberly Hightower. (ECF No. 8, at Page ID # 73.) Kimberly Hightower has then signed each filing on behalf of both herself and Ronnie Hightower, and in the October 14, 2014 memorandum in opposition she states that she "[c]ouldn't finds an attorney, and had to represent myself, and Ronnie Hightower." (ECF No. 17, at Page ID # 121.)

The foregoing conduct is improper. The Sixth Circuit has held that " '[a] nonlawyer can't handle a case on behalf of anyone except himself.' " *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013)). Thus, the Court recognizes that Ronnie Hightower has never properly asserted claims in this federal forum, and to the extent the inclusion of claims on his behalf exist in the pleadings, this Court dismisses those claims without prejudice. *See id.* (explaining that in situations where a non-lawyer litigant has attempted to represent an entity *pro se*, "the usual course of action is to dismiss the case without prejudice"). The Court will proceed to address the pending motions in regard to the claims of Kimberly Hightower.

## III. Motions to Dismiss

### A. Standard Involved

Defendants Brockett, Gulley, the Marietta City Health Department, and the Marietta City Board of Health seek to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), a plaintiff has the burden of

proving jurisdiction. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. A facial attack on subject matter jurisdiction challenges whether a plaintiff has properly alleged a basis for proper subject matter jurisdiction, and a district court must regard the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and a district court may weigh the evidence in ascertaining whether jurisdiction exists. *Id*. The instant motions present a facial attack on jurisdiction.

**B. Analysis**

As Defendants Brockett, Gulley, the Marietta City Health Department, and the Marietta City Board of Health correctly note, this Court is authorized to hear cases based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 or on the existence of a federal question under 28 U.S.C. § 1331. The Court will first consider whether subject matter jurisdiction exists based on diversity.

Under 28 U.S.C. § 1332, two conditions must exist in order for this Court to have subject matter jurisdiction: (1) there must exist complete diversity and (2) the amount in controversy must exceed $75,000. The Sixth Circuit has stated that "diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914 (6th Cir.2000). *See also Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) ("Section 1332 requires that federal courts entertain jurisdiction of cases based on diversity of citizenship only if there is *complete* diversity. That is, no plaintiff may be a citizen of the same state as any defendant."

(citation omitted)). This becomes an issue for Kimberly Hightower because she and multiple defendants are all citizens of Ohio. Her amended complaint states that she is a resident of Akron, Ohio. (ECF. No. 8 ¶ 3.) This same pleading indicates that Laurie Strahler, Todd Morris, the Marietta City Health Department, and the Marietta City Board of Health are all based in Ohio. (ECF No. 8, at Page ID # 63.) This is problematic for Kimberly Hightower because the Sixth Circuit has explained that when a plaintiff and a defendant are both citizens of Ohio, complete diversity does not exist in the case. *Beck v. Kroger Co.*, 805 F.2d 1033, 1033 (6th Cir. 1986). Because Kimberly Hightower has failed to meet the complete diversity requirement, there is no subject matter jurisdiction based on 28 U.S.C. § 1332. *See id.* at 1034.

Although Kimberly Hightower has failed to meet the complete diversity requirement, this Court has subject matter jurisdiction if the amended complaint raises a federal question pursuant to 28 U.S.C. § 1331. There are two ways to gain access to the federal court system under 28 U.S.C. § 1331. The first way is where federal law creates a claim for relief and provides a right to relief. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006). The second way is when the question implicates "significant federal issues." *Id.* Thus, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Defendants Brockett, Gulley, the Marietta City Health Department, and the Marietta City Board of Health argue that federal question jurisdiction must be predicated on either a federal law that creates a private claim for relief or on a claim that requires the resolution of a substantial question of federal law. They contend that of the eleven claims pled by Kimberly Hightower, only two of those claims are potentially federal law claims, and analysis leads to the conclusion that they are not. These defendants also argue that because Kimberly Hightower has failed to

5

plead any claim involving a colorable federal question, this Court does not have subject matter jurisdiction.

Kimberly Hightower has pled state law claims in her first, second, third, fourth, fifth, sixth, seventh, ninth, and tenth claims. This leaves two claims that necessitate examination for presenting a federal claim. The first claim, claim eight, is titled "Discrimination" and states that select "[d]efendants . . . stereotype me prior to our telephone conversation." (ECF No. 8 ¶ 52.) The second claim, claim eleven, is titled "Constitution Law" and states that "defendants violated the constitution law U.S. code title 21 food and drugs, title 42 the public health and welfare chapter 26 food safety (2101-2110)." (ECF No. 9 ¶ 68.) In attempting to address the argument that no federal question has been presented to the Court, Kimberly Hightower then cites this Court to 18 U.S.C. § 241, 18 U.S.C § 242, and the Food Safety Modernization Act.

This Court must determine whether the amended complaint presents a federal question. Certain conditions must exist for a federal court to exercise jurisdiction under 28 U.S.C. § 1331. The first condition is that the complaint must be "well-pleaded." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830 (2002). In other words, the well-pleaded complaint rule requires that a federal question be pled in a claim for relief in a complaint as opposed to a response in anticipation of a defense. A federal court will also exercise jurisdiction over a claim only if that federal law claim is "substantial." *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105-06 (1933). Moreover, a claim may not be substantial "because [it is] obviously without merit . . . ." *Id*. at 105. Determining whether a claim merits the federal judiciary's attention requires this Court to engage in a "selective process which picks the substantial causes out of the web and lays the other ones aside." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 118 (1936). This Court will assume for the sake of argument that Kimberly Hightower's amended

complaint is indeed "well-pleaded" and presents two potential federal issues, neither of which are in anticipation of any defense that might be raised.

Despite this assumption, subject matter jurisdiction does not exist here. In regard to claim eight, Kimberly Hightower has failed to plead any facts establishing any particular discrimination that would fall under federal law; for example, although she indicates "racial discrimination" on the first page of her amended complaint, she nowhere pleads her race.[1] This fails to establish subject matter jurisdiction. *See Sanford v. Dep't of Labor & Economic Growth*, No. 08-12585, 2008 WL 5188802, at *1 (E.D. Mich. Dec. 10, 2008) ("Because the case lacks complete diversity of citizenship between the two parties and there is no showing that the alleged discrimination against Plaintiffs was in violation of a specific federal civil rights statute, the complaint should be dismissed for lack of jurisdiction."); *see also id.* at *2 ("[I]n regards to the subject matter jurisdiction, the Complaint avers to a violation of [the plaintiffs'] civil rights but does not specify which civil rights were violated or make any showing of class based discrimination. Accordingly, there is no basis to assume federal jurisdiction over the case and the case must be dismissed."). In regard to claim eleven, in which she claims that defendants discriminated against her and deprived her of her rights in violation of 18 U.S.C. § 241 and 18 U.S.C. § 242, the Court recognizes that the statutes cited do not create a private right of action and cannot therefore present a cognizable federal claim. *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013).

---

[1] To the extent that claim eight could be regarded as a federal claim so that it is more suited for a Rule 12(b)(6) analysis than a subject matter jurisdiction analysis, the Court notes that the lack of sufficient facts pled also renders the "federal" claim eight not plausible. In the absence of a federal claim surviving the motions to dismiss, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

Kimberly Hightower asserts the violation of numerous health, safety, and welfare laws. In her briefing, she argues that violation of these federal statutes constitute negligence per se. Specifically, she argues that "defendants had a duty to exercise care towards a specific person or class of people . . . . The defendants violated a safety statute, the defendants acts caused the type of harm the statute was intended to prevent." (ECF No. 17, at Page ID # 119.) The extant issue is therefore whether a negligence per se theory of liability based on the violation of a federal statute is a sufficient jurisdictional basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The United States Supreme Court has addressed this exact issue. In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, various plaintiffs alleged that their children's multiple deformities were a result of having ingested a drug produced by the defendant. 478 U.S. 804, 805 (1986). The plaintiffs premised their federal claims on the theory that the defendant had violated the Food, Drug, and Cosmetic Act in the promotion of the drug and thus were negligent per se. *Id*. at 806. The United States Supreme Court explained, however, that the Food, Drug, and Cosmetic Act did not provide a private right of action. *Id*. at 811-13. The United States Supreme Court also held that it was improper to hear cases based on "violations of . . . federal statute solely because the violation of the federal statute is said to be a . . . 'proximate cause' under state law, rather than a federal action under federal law." *Id*. at 812.

This same analysis prevents Kimberly Hightower from using a negligence per se theory based on federal law as a basis for having her claims heard in federal court. She does not provide any authority to support the argument that the federal statutes upon which she relies create a private right of relief, and this Court's research did not produce any such authority. The Court's reasoning in *Merrell Dow* was premised on trying to find the proper balance between the

8

federal and state court systems. The United States Supreme Court stated that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Id*. at 814. Thus, allowing Kimberly Hightower to proceed in federal court would disrupt the balance between federal and state courts and would not serve the federal system. Accordingly, "a complaint alleging a violation of a federal statue as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the under states.'" *Id*. at 817 (citing 28 U.S.C. § 1331). Kimberly Hightower's pleading fails to provide a federal question for this Court. Because this Court lacks jurisdiction pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1332, this Court **GRANTS** the Rule 12(b)(1) component of the motions to dismiss. In light of this action, the Court need not and does not reach the moot alternative arguments for dismissal set forth in those motions.

## IV. Motion for Judgment on the Pleadings

### A. Standard Involved

Defendant McDonald's Corporation seeks judgment under Federal Rule of Civil Procedure 12(c), which provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 5-0, 511-12 (6th Cir. 2001). In reviewing a Rule 12(c) motion, this Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitled him to relief." *Id*. at 512. The

9

Court is required to determine whether the factual allegations present any plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). This means that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right of relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). The same standard applies to counterclaims. *Cf. Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 401 (6th Cir. 2012), *cert. granted*, No. 12-873, 2013 WL 182751 (June 3, 2013).

Under Rule 12(b)(6), the Court may not consider evidence outside Plaintiffs' pleading unless it is referenced in the counterclaim and is central to Plaintiffs'' claims. *Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815, 819 (S.D. Ohio 1999). *See Hammond*, 866 F.2d at 175 ("Matters outside the pleadings are not to be considered."); *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) ("When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint."). Considering documents and exhibits other

than those incorporated into or referenced by the counterclaim would convert the motion into one for summary judgment. *See Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012); *Hensley*, 579 F.3d at 613; *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)

### B. Analysis

As discussed above, there is no subject matter jurisdiction here based on diversity or a federal question. Kimberly Hightower's eighth and eleventh claims are the only claims that could create federal subject matter jurisdiction; the remainder of her claims are unquestionably state law claims. For the reasons stated above, neither claim presents a federal claim, which means that dismissal for lack of subject matter jurisdiction is appropriate. Even if this Court were to regard claim eight as a federal claim so as to necessitate reaching the merits of the Rule 12(c) motion, however, the pleading does not present sufficient facts to present a plausible federal claim. Absent a federal hook, the issue is whether the Court should exercise jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

The Court concludes that it should not. 28 U.S.C. § 1367 states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim [if]. . . the district court has dismissed all claims over which it has original jurisdiction." Normally, "a federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state-law claims. . .[r]esidual jurisdiction should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh our concern over 'needlessly deciding state law issues.'" *Landerfeld v. Marrion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993). Thus, this Court "should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.' " *Gamel v. City of Cincinnati*, 625 F.3d

949, 951-52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). Moreover, the balance is likely to be against retaining state-law claims under supplemental jurisdiction when the Court has dismissed all claims over which it had original jurisdiction. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). These factors all weigh in favor of dismissal of the state law claims, and Kimberly Hightower has failed to present any persuasive argument to the contrary. Consequently, this Court will not exercise supplemental jurisdiction over the state law claims. The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiffs' state law claims.

## V. Remaining Defendants

It is well settled that federal courts are required to consider *sua sponte* whether they have subject matter jurisdiction. *Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). The Court therefore recognizes that, based on the foregoing analysis, it lacks subject matter jurisdiction over the claims asserted against those remaining defendants who have not filed Rule 12 motions, Laurie Strahler and Todd Morris, both of whom filed an answer, and "ABC Com/Corp unknown," a John Doe distributor that Kimberly Hightower has never identified or served. Because Kimberly Hightower has already been afforded an opportunity to respond to the subject matter jurisdiction issue in the motions practice and because the issue is no longer open to discussion, the Court need not afford her an additional response in regard to the lack of subject matter jurisdiction as it relates to these defendants. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Court **DISMISSES** the claims against these three defendants for lack of subject matter jurisdiction.

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS** the motions to dismiss filed by Defendants Brockett, Gulley, the Marietta City Health Department, and the Marietta City Board of Health (ECF Nos. 9, 12) and **GRANTS** the Rule 12(c) motion for judgment on the pleadings filed by Defendant McDonald's Corporation (ECF No.32).  The Court **DISMISSES** Ronnie Hightower's claims without prejudice, to the extent that any such claims can be said to have been asserted in this litigation.  This Court also *sua sponte* **DISMISSES** all claims against Defendants Laurie Strahler, Todd Morris, and "ABC Com/Corp unknown."  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE